NATHAN WILLIAMS *vs.* SAMJEL ROBINSON.

A discharge in insolvency, granted at a third meeting of creditors, called after the expiration of six months from the appointment of assignees, is void.

THIS was an action of assumpsit on a promissory note for $61·69, dated June 2d, 1843, payable to the plaintiff on demand with interest, and signed by the defendant. The writ was dated February 20th, 1846.

At the trial before *Ward*, J., in the court of common pleas, the plaintiff having proved a *prima facie* case, the defendant relied upon a discharge under the insolvent laws. The certificate of discharge was in due form, and bore date February 22d, 1848. The plaintiff contended that the discharge was invalid, because there was no third meeting of the creditors called within six months from the appointment of the assignees. It appeared, by the record of the proceedings in insolvency, that the assignees were appointed and the assignment dated March 27th, 1847; that the second meeting was held May 29th, 1847; and that the third meeting was held February 22d, 1848, at which no claims were offered for proof, and the defendant's discharge was granted.

The judge ruled that the fact, that the third meeting was not held within six months, was sufficient to defeat and avoid the discharge. A verdict was thereupon taken for the plaintiff, and the defendant excepted.

The case was argued at the last term by *T. G. Coffin*, for the defendant, and *T. D. Eliot*, for the plaintiff.

FLETCHER, J. The only question raised in the case is as to the validity of the defendant's discharge. The objection to the discharge rests on the ground, that there was no third meeting of creditors called within six months from the appointment of the assignees.

The statute expressly requires, that the assignees shall call a third meeting of the creditors, within six months from the time of their appointment, at which meeting creditors who have not before proved their debts shall be allowed to prove them; so that the law requires, that there shall be three

VOL. IV.            45

meetings, at which claims may be proved, within six months. No creditors but those who have proved their claims can dissent from the discharge ; and the dissent is expressly required to be within six months.

The third meeting, at which the discharge in the present case was obtained, was after the expiration of six months. If creditors had proved their claims at this meeting, such creditors could not have dissented from the discharge, because the statute expressly and unconditionally requires, that the dissent shall be within six months.* When this discharge therefore was obtained, those creditors only who had proved their claims, at the first two meetings, had been in a situation, or had had an opportunity to dissent from the discharge; while all the creditors, who might have intended to prove their claims at the third meeting, were wholly deprived of the right to dissent, as there was no third meeting within six months, within which time the dissent must be made.

It might very naturally be expected, as a matter of course, that a large portion of the creditors would delay the proof of their claims to the third meeting, knowing that the law requires that there should be such a meeting within six months, within which time they might dissent from the discharge. Therefore, when there is no third meeting, within the time limited, a large portion of the creditors will be deprived of the right which the law gives them of dissenting from the discharge.

Although it may be no fault of the debtor that a third meeting was not called within the time limited, still it is essential to the validity of the discharge, that it should be reached through the previous steps required by the statute, and the security of the debtor requires that he should see to it, that there is a compliance with the requisitions of the statute. It will not do to leap over the preliminary proceedings and come at once to the discharge, without them. The various proceedings of the insolvent law are connected, and have a mutual dependence upon each other If some fail

* See the case of *Revere* v. *Newell, post,* 584.

others fail with them. If the checks upon granting a discharge provided by the law are defeated and annulled by the course of proceeding, the discharge itself cannot have validity. It has been decided, by this court, in the case of *Sanderson* v. *Taylor*, 1 Cush. 87, that where a discharge was granted, when there had been no third meeting, the discharge was void, because the creditors had not had the opportunity, intended by the statute, to prove their claims, and put themselves in a condition to dissent. In the present case, though there was a third meeting, yet it was of no avail to the creditors, as it was then too late to dissent, if they then proved their claims. The present case, though it varies from the above somewhat in its facts, is yet clearly within the same principle. *Exceptions overruled.*